## Wilson v. Wilson.
(Decided Dec. 5, 1933.)

H. C. KENNEDY for appellant.

B. J. BETHURUM and H. H. DENTON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming in part and reversing in part.

C. C. (Chris) Wilson instituted this action against Elsie Wilson seeking a divorce on the ground of abandonment. By answer, Mrs. Wilson, after a general denial of the allegations of the petition, alleged that immediately after her marriage plaintiff took her to the home of his father and mother, and that his relatives made life so unpleasant for her that it was impossible for her to live with him; that she often requested plaintiff to furnish her a home elsewhere, but that he refused to do so; that as a result of the treatment accorded her by relatives of her husband she was compelled to and did leave his home on the 11th day of July, 1931, and went to the home of her father; that, after she left plaintiff's home, and after they had ceased to live together regularly as husband and wife, up to and including the month of October, 1931, they at intervals met elsewhere and cohabited as man and wife, and in fact their separation did not occur until some time in the month of October, 1931; that on one of the occasions when they met and cohabited plaintiff became the father of her child, which has since been born. She further alleged that plaintiff is the owner of valuable property, and is worth at least $5,000, and is able-bodied; that she has no money or property except about $25, the balance of a small sum which plaintiff gave her some time after their separation. She asked for a reasonable sum for her support and for her costs, including a reasonable fee for her attorney.

By amended answer and counterclaim, defendant alleged that, at the time she signed a contract referred to in, and made a part of, the depositions, she was an infant under 21 years of age, and was without capacity to make or to enter into such a contract, and further that the contract was void and of no effect because it is against public policy. By way of counterclaim, she asked for divorce on the ground of cruel and inhuman treatment. She prayed that the alleged contract be held void; that the petition be dismissed, and she be granted absolute divorce; that she be awarded the custody of her infant child, Eugene Wilson, who was 4 months old, for alimony, and that plaintiff be required to make monthly payments to her for the support, maintenance and education of their child.

By reply and by order of the court, the affirmative allegations of the answer as amended were controverted

of record. On final hearing, the chancellor adjudged that plaintiff was entitled to the relief sought, and defendant was not entitled to anything on the claim of maintenance for her child because, in the opinion of the chancellor, plaintiff was not its father. From so much of the judgment as denied alimony to her or any sum for the support and maintenance of her child, defendant is appealing.

In brief filed on behalf of appellant, counsel practically concede that, under the proof, the lower court did not err in denying her alimony, stating that the question of alimony is waived and that this court is not asked to disturb the judgment in that respect.

Uncontradicted proof establishes that appellant left her husband on the 11th day of July, 1931, and that her child was born on May 4, 1932, or practically 10 calendar months after their separation. A physician introduced by appellee testified that the ordinary period of gestation is some 270 to 280 days, or about 9 calendar months. He further testified that there are few cases of record where the period has been as long as 11 months, but that such cases were uncommon. Appellant testified that appellee met with her at the home of a neighbor some time in October, and they had sexual intercourse, and that they had such intercourse at another place some time prior to that, after she left her husband, but she did not attempt to fix the day. Appellee admitted that he was with appellant at the home of the neighbor, and possibly at other times, but denied that he ever had intercourse with her after she left his home in July.

The sum of evidence offered to show that appellant had improper relations with other men is that one man walked home with her from church on two occasions and that she went to Somerset on another occasion with a brother-in-law of appellee. Appellant admitted that on one occasion a man walked along with her on her return from church, but that a number of others were with her. She also admitted that she went to Somerset in an automobile driven by appellee's brother-in-law, but that others were with them in the automobile; that nothing improper occurred between her and either of these men. In these statements she is corroborated by other witnesses.

The contract hereinbefore referred to provided in substance that, in consideration of $100 paid to appellant, she waived all claim against him for alimony and maintenance and all other claims growing out of their relations as husband and wife. Among other things, the contract further provided:

"* * * And the party of the first part hereby represents and avows that the party of the second part is under no obligation whatever to support, maintain, or educate her unborn baby, and she hereby relinquishes the party of the second part, in consideration of the above, from any claims which she may have against the party of the second part, or which said unborn baby may have against the party of the second part for support and maintenance."

The law imposes upon a father the duty and obligation to support his child, and, while the mother might enter into a contract regarding her rights, she could not contract away the rights of her unborn child. In fact, as we understand, counsel for appellee do not contend that she could do so, but only urge the provision in the contract as evidence bearing on the paternity of the child, and which, in addition to other evidence, is sufficient to support the chancellor's finding in that particular.

In the case of Gravely v. Gravely, 224 Ky. 640, 6 S. W. (2d) 1080, 1081, a divorce action, it appears that the parties separated in December, 1922, and the child was born on June 10, 1924. The wife testified that the husband continued to visit and cohabit with her at intervals until May, 1924, and she was corroborated by other witnesses who testified to facts showing an opportunity for the exercise of the marital relation between her and her husband. The husband contradicted her on all matters after their separation, and testified that after their marriage he became suspicious as to previous intimacies between his wife and two young men and that she admitted she had been unduly intimate with both of them prior to her marriage; that he thereupon left her, and never again cohabited with her. One man testified that in April, 1924, he took undue liberty with the wife without any objection on her part. This, however, was denied by her and others who were present, and his character was shown to be

bad. Another man and his wife and their grown son testified to having seen the wife with an unknown man under circumstances that would clearly indicate improper relations. This the wife denied, and there was evidence as to the bad reputation of these witnesses.

This court, in discussing the contention of the husband that the foregoing and other evidence of like tenor established the illegitimacy of the child, said:

"The child was born in lawful wedlock. In order to disprove its legitimacy, it must have been shown that the father was incapable of the act of procreation or that he did not or could not have had coition with plaintiff within any reasonable period of gestation. According to her testimony, such relations were had in August and September, 1923. This would have been within the time. According to defendant, he left Kentucky on August 20, 1923. or 295 days before the child was born. Even this would have been within ten months, and we are not prepared to say that the child could not have been conceived at that time and born on the 10th of June, 1924."

The law presumes the legitimacy of a child until the contrary is established. Stevenson v. Washington's Adm'r, 231 Ky. 233, 21 S. W. (2d) 274; Wilson v. Wilson, 174 Ky. 771, 193 S. W. 7.

Here the child was born within 10 months after the separation, and the wife testified that she and her husband had sexual intercourse after that time. The evidence wholly fails to establish improper relations between her and any other man, and there is no evidence of any misconduct on her part from which such relations might reasonably have been inferred. According to the evidence of the physician introduced by appellee and to common knowledge and understanding, this child was born within the possible period of gestation. It requires conclusive evidence to brand a mother with infamy and to bastardize her child, and where, as in this instance, the evidence signally fails to overcome either the presumption or proof of legitimacy, it should not be done.

Our conclusion is that the court erred in not adjudging that appellee should pay a reasonable monthly sum for the support and maintenance of the child, but otherwise the judgment will not be disturbed.

Wherefore the judgment is affirmed in part and reversed in part, with directions to the lower court to enter judgment requiring appellee to pay to appellant such sum as in the circumstances may be reasonable and proper for the support, maintenance, etc., of the child, and to that end the court may require or the parties may introduce additional proof if they so desire.