**Teddie LITTLE, Appellant,**

**v.**

**Nellie LITTLE, Appellee.**

Court of Appeals of Kentucky.

Feb. 11, 1955.

Troy D. Savage, Lexington, for appellant.

Henry L. Rudd, Mt. Sterling, for appellee.

WADDILL, Commissioner.

In this divorce action between Teddie and Nellie Little, the Chancellor granted each party an absolute divorce. In subsequent proceedings in this action the paternity of a child born to Mrs. Little on November 28, 1952, was brought in question by Mr. Little's denial that he was the father of the child. A supplemental judgment was entered on December 7, 1953, in which the Chancellor found that the child was the legitimate daughter of Teddie Little and he was ordered to pay Mrs. Little the sum of $15 a month for the child's support. On the appeal from the supplemental judgment, Mr. Little contends that the evidence was insufficient to support the finding of the Chancellor.

The parties were married on November 6, 1951, while Mr. Little was absent without leave from the Army. They lived together until December 6, 1951, at which time Mr. Little was arrested for committing an assault upon his wife. He was sentenced to jail for a period of 60 days after which he was delivered to the military authorities, who returned him to Fort Knox, where he was placed in a stockade. Sometime after April 20, 1952, Mr. Little returned home on a furlough, and for a short time he and his wife resumed living together.

On May 15, 1952, Mrs. Little filed suit for divorce and sought support for her unborn child. In her deposition given on June 26, 1952, she stated that she thought she had become pregnant during the month of December, 1951, but that she could not be certain about it because of the irregularity of her menstrual periods. She also stated that her husband was the father of her unborn child, although she had not seen her husband during the period of his incarceration.

After this deposition had been taken, Mr. Little filed his answer denying that he was the father of Mrs. Little's unborn child and by counterclaim sought a divorce on the ground that Mrs. Little had been guilty of adultery. By reply, Mrs. Little denied she was guilty of adultery.

Mr. Little testified that he had not engaged in sexual intercourse with his wife from December 7, 1951, to April 20, 1952. The testimony of other witnesses was to the effect that Mr. Little was incarcerated during this period.

On December 27, 1952, Mrs. Little testified that during February, 1952, the exact date she doesn't remember, Mr. Little came to her home for an overnight visit and had sexual intercourse with her. She was corroborated to some extent by her mother who testified that Mr. Little stayed with her daughter on an overnight visit on one occasion during the month of February, 1952, but she was unable to give the specific date of that visit.

The child was conceived during lawful wedlock, so there is a legal presumption of the child's legitimacy. Boyers v. Boyers, 283 Ky. 1, 140 S.W.2d 646. It may be conceded that the evidence raises some

doubt as to the paternity of the child, but in order to disprove its legitimacy, it must have been shown that the husband was incapable of the act of procreation or that he did not have coition with his wife within any reasonable period of gestation. Williams v. Williams, 311 Ky. 45, 223 S.W.2d 360; and, Wilson v. Wilson, 251 Ky. 522, 65 S.W.2d 694.

 According to the testimony of Mrs. Little, she had sexual intercourse with her husband during the month of February, 1952, and this would have been within time. Under this evidence we cannot say that the decision of the Chancellor was clearly erroneous.

Judgment affirmed.